Opinion issued April 7, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00120-CR

———————————

IN RE Tracey W. Murphy, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          Relator Tracey W. Murphy has filed a
pro se petition for writ of mandamus, complaining that the trial court has not
ruled on the following post-conviction motions: 
(1) “motion to produce confession,” (2) “motion for the appointment of
an investigator,” (3) “amended motion for private investigator,” and (4)
“motion for designation of record for new trial on newly discovered evidence.”  We note that, on September 15, 2000, this
Court affirmed relator’s conviction.[1]  See
Murphy v. State, No. 01-98-00786-CR, 2000 WL 1299489, at *1 (Tex.
App.—Houston [1st Dist.] Sept. 14, 2000, pet. ref’d) (mem. op., not designated
for publication).  Our mandate issued on
May 9, 2001. 

Relator’s petition does not comply with the Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 9.5 (a), (d) (requiring service of all documents presented to
this Court).  Even had relator filed a
petition that complied with the Texas Rules of Appellate Procedure, relator
would not be entitled to mandamus relief in this Court.  Relator’s affidavit in support of his
petition states that the motions about which he complains were filed for the
purpose of obtaining relief from his final felony conviction.  The exclusive remedy from final felony
convictions is a writ of habeas corpus.  See Tex. Code Crim. Proc. Ann. art. 11.07,
§ 5 (Vernon 2005).  Only the Texas Court
of Criminal Appeals has jurisdiction in final post-conviction habeas corpus
proceedings.  See
Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth
Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); In re McAfee, 53 S.W.3d 715, 717-18 (Tex. App.—Houston [1st Dist.]
2001, orig. proceeding).  Thus, this Court would be without authority to
grant the relief relator seeks.  See Board of Pardons & Paroles ex rel. Keene,
910 S.W.2d at 483; In re McAfee, 53
S.W.3d at 717-18; In re
Robertson, No. 01-09-00966-CR, 2009 WL 5174157, at *1 (Tex. App.—Houston
[1st Dist.] Dec. 28, 2009, orig. proceeding).   


Accordingly, we deny relator’s
petition for writ of mandamus.  

PER CURIAM

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]           Relator
was convicted of robbery in trial court cause number 778022 in the 262nd
District Court of Harris County.  His
punishment was assessed at 25 years’ confinement.  Although relator’s petition names the
Honorable Mike Anderson as respondent in this mandamus proceeding, we take
judicial notice that Judge Anderson no longer presides over the 262nd District
Court; the Honorable Denise Bradley now presides over that court.